**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                        Case No. 6:06-cr-179-Orl-31GJK

**LONNIE ROBINSON**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 57)
>
> **FILED:** January 19, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:** MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 59)
>
> **FILED:** January 19, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.    BACKGROUND**

On December 4, 2007, Lonnie Robinson (the "Defendant") was sentenced to 220 months imprisonment following a conviction for Conspiracy to Knowingly Distribute and Possessing the

Intent to Distribute 50 or more grams of crack cocaine. Doc. No. 43. On November 27, 2009, Defendant filed a Title 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction Pursuant to Retroactive Guideline Amendment No. 706 (the "Motion to Reduce"). Doc. No. 49. On December 15, 2009, the United States (the "Government") filed a response arguing that a reduction in the Defendant's sentence pursuant to Amendment 706 is not authorized under 18 U.S.C. § 3582(c)(2) because the Defendant was sentenced as a career offender and, therefore, Amendment 706 would not result in a different sentencing range. Doc. No. 52. On December 16, 2009, the Court entered an order denying the Motion to Reduce stating:

> Amendment 706 to the United States Sentencing Guidelines does not apply because Defendant was sentenced as a career offender under United States Sentencing Guideline 4B1.1. Accordingly, the Court has no authority under 18 U.S.C. § 3582(c) to lower Defendant's sentence.

Doc. No. 53. Thus, the Court ruled that it did not have the authority to lower Defendant's sentence.

On January 4, 2010, Defendant filed a Motion to Amend or Alter Judgment (the "Motion to Amend"). Doc. No. 54. In the Motion to Amend, the Defendant requested that the Court reconsider its order denying the Motion to Reduce because the Defendant was not sentenced as a career offender. Doc. No. 54. On January 6, 2010, the Court entered an order denying the Motion to Amend stating that "[a]lthough the Defendant was given a sentence below the applicable guidelines, Defendant was nonetheless sentenced as a career criminal under U.S.S.G. 4B1.1." Doc. No. 55. Accordingly, the Court again ruled that "Amendment 706 does not apply and Defendant is not entitled to a sentence reduction." Doc. No. 55.

On January 15, 2010, Defendant filed a Notice of Appeal seeking to appeal the Court's order denying the Motion to Amend (Doc. No. 55). Doc. No. 56. On January 19, 2010, Defendant filed an

Application to Proceed Without Prepayment of Fees and Affidavit, and on February 4, 2010, Defendant filed a Motion for Permission to Appeal In Forma Pauperis and Affidavit (collectively, the "Motions"). Doc. Nos. 57, 59.

## II. LAW AND ANALYSIS

**Applications for Leave to Appeal In Forma Pauperis**

Section 1915 of 28 U.S.C. and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979). Section 1915 (a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> \*       \*       \*
>
> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis added). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;

(ii) fails to state a claim on which relief
may be granted; or
(iii) seeks monetary relief against a
defendant who is immune from
such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
   **(A)** shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
   **(B)** claims an entitlement to redress; and
   **(C)** states the issues that the party intends to present on appeal.

**(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
   **(A)** the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
   **(B)** a statute provides otherwise.

**(4) Notice of District Court's Denial.** The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:
   **(A)** denies a motion to proceed on appeal in forma pauperis;
   **(B)** certifies that the appeal is not taken in good faith; or
   **(C)** finds that the party is not otherwise entitled to proceed in forma pauperis.

**(5) Motion in the Court of Appeals.** A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in

the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).

Fed. R. App. P. 24 (a) (2009). An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

The Defendant is seeking to appeal the Court's denial of Defendant's Motion to Amend (Doc. No. 55) on the basis that he was not sentenced as a career offender. Doc. No. 56. On December 16, 2009, and January 6, 2010, the Court noted that Defendant was sentenced as a career offender under United States Sentencing Guideline 4B1.1. Doc. Nos. 53, 55. Accordingly, the undersigned finds that

the appeal is frivolous because it does not raise a substantial question and lacks merit. Thus, the undersigned **RECOMMENDS** that the Court **DENY** the Motions (Doc. Nos. 57, 59) **and certify that the appeal is taken in bad faith**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 10, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties

Courtroom Deputy